Chief Justice Johnson delivered the opinion of the Court. The indictment is drawn with technical accuracy and in strict accordance with the statute. The testimony is wholly insufficient to support the verdict and judgment. The party is indicted for keeping a grocery for the retail of ardent spirits by quantities less than one quart, without first having obtained a license from the county court of Newton county, authorizing him to exercise the privilege of a grocery-keeper. To constitute the offence charged, it is not sufficient that the defendant should have sold ardent spirits in quantities less than one quart, but it is equally necessary, and indeed indispensable, that he should have kept a grocery for that purpose. There is no evidence in the record to establish that essential point. The witness, who testified in relation to the sale of the spirits, expressly stated that he did not know whether the defendant ever kept a grocery or not. The first instruction, asked by the defendant, was improperly refused. The instruction asked was, that, unless the jury should find, from the evidence, that the defendant did keep a grocery, they must find for the defendant. This was strictly appropriate, and consequently should have been given in charge to the jury. The second was properly refused. This was, “ That the offence consisted in keeping the grocery, and not in selling liquors in less quantities than a quart.” It is not the mere act of keeping a grocery, but the further act of selling vinous or ardent spirits in quantities less than one quart, and that without having first obtained license for that purpose. The third is, that, before the plaintiff could recover, she must prove that the defendant did keep a grocery, without first having obtained a license from the county court for that purpose. It is not sufficient that the party kept a grocery without first having- obtained a license for that purpose; but he must have kept it for the sale of ardent spirits. The instruction, therefore, was not co-extensive with the charge, and, consequently, should not have been given. The substance of the fourth is, that the jury could not convict, unless they were satisfied, from the evidence, that the defendant kept a grocery. This was essential to constitute the offence, and, consequently, should have been given. The first instruction asked by the State is, that, if they believed, from the evidence, that the defendant kept ardent spirits in any house, for retail, by quantities less than one quart without a license, they must find him guilty. This was improperly given by the court. The term “grocery,” is an essential part of the description of the offence, and, in the absence of proof upon that point, the charge is not made out, and consequently a conviction would be unauthorized. The second instruction asked by the State was improperly given for the same reason. The Legislature have not seen proper to prohibit the sale of spirits in private houses. The allegation is. that the defendant kept a grocery. This is an essential part of the description of the crime and must be established by the proof in order to warrant a conviction. The judgment of the circuit court of Newton county, herein rendered, must, therefore, be reversed, and the cause remanded, with instructions to proceed therein according to law and not inconsistent with this opinion.